IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER RUSSELL, | * | |
| Plaintiff, | * | |
| v. | * | CASE NO. 4:07-CV-119 (CDL) |
| | * | 42 U.S.C. § 1983 |
| RALPH JOHNSON, et al., | * | |
| Defendants. | * | |

## REPORT AND RECOMMENDATION

Before the court is Defendants Sheriff Ralph Johnson, Major Terri Ezell, P.A. Harris and Paul Morris' Motion to Dismiss Plaintiff's action, filed on October 5, 2007. (R-16). The Plaintiff was notified of his right to respond and was granted one thirty day extension of time in which to file a response but failed to do so in the time allotted.

## LEGAL STANDARDS FOR MOTION TO DISMISS

For a motion to dismiss to be granted, Plaintiff's complaint, which must factually be accepted as true, must evidence that there is no set of facts entitling him to relief. *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir. 1991); *see also Luckey v. Harris*, 860 F.2d 1012, 1016-17 (11th Cir. 1988) and *Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986). In such a situation, Rule 12(b)(6) of the *Federal Rules of Civil Procedure* authorizes a court to dismiss a complaint on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319 (1989). If, as a matter of law, it is clear that no relief could be granted under any facts that could be proved consistent with the

allegations, a claim must be dismissed, regardless of whether it is based on an outlandish legal theory or on a close but unavailing one. *Id*. Rule 12(b)(6) does not allow for dismissals based solely on the court's disbelief of a plaintiff's factual allegations. *Id*. *See also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) and *Conley v. Gibson*, 355 U.S. 41 (1957).

## DISCUSSION

On August 13, 2005, Plaintiff filed this 42 U.S.C. § 1983 suit claiming that he was stabbed in the eye by another inmate while incarcerated at the Muscogee County Jail. In his suit, Plaintiff claims deliberate indifference, medical malpractice and cruel and unusual punishment on the part of the Defendants. In his complaint, Plaintiff seeks $150,000 in for damages and pain and suffering. (R-1, p.3). In their Motion to Dismiss, Defendants Sheriff Ralph Johnson, Major Terri Ezell, P.A. Harris and Paul Morris contend that Plaintiff's complaint should be dismissed for his failure to exhaust administrative remedies; his failure to state a claim for deliberate indifference; because Eleventh Amendment immunity protects Defendants Johnson and Ezell in their official capacities; because qualified immunity protects the Defendants in their individual capacities; and due to the inapplicability of the doctrine of respondeat superior as to the treatment by physicians and mootness.

### Exhaustion of Administrative Remedies

The Defendants contend that Plaintiff failed to timely exhaust his available administrative remedies where he failed to file a formal grievance or appeal the denial of his informal grievances filed on September 2, and September 13, 2005. (R-16-2, pp. 3-4). By *The Prison Litigation and Reform Act,* Congress has provided that, "No action shall be

2

brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "An inmate incarcerated in a state prison . . . must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983." *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999). Section 1997(e(a) mandates exhaustion of a prisoner's administrative remedies and courts no longer have discretion to waive the exhaustion requirement. *Alexander v. Hawk*, 159 F.3d 1321, 1325-26 (11th Cir. 1998). The Eleventh Circuit has held that the exhaustion requirement pursuant to § 1997e(a) constitutes a pre-condition to suit, which makes the requirement jurisdictional in nature. *Id.* An inmate incarcerated in a state prison, thus, must first comply with the grievance procedures established by the state department of corrections before filing a § 1983 lawsuit.

A recent United States Supreme Court decision, held that an inmate must *properly* exhaust all available administrative remedies before he can file a 1983 lawsuit in federal court. *Woodford v. Ngo*, 126 S.Ct. 2378 (2006) (emphasis added). In *Woodford*, the Respondent, an inmate at a California state prison, filed a grievance regarding prison conditions, which was rejected as untimely. *Id.* at 2380. The Respondent thereafter filed suit pursuant to § 1983 against the prison officials. The District Court held that because Respondent had failed to timely exhaust all of his available remedies, the case should be dismissed. *Id.* The Ninth Circuit Court of Appeals reversed the lower court's decision, finding that the Respondent had no further administrative remedy available to him after his

grievance was rejected as untimely. *Id.* The high court ultimately reversed the Ninth Circuit, finding that, just as in habeas corpus cases, the remedies available to the inmate must be **fully and properly** exhausted. *Id.*

Defendants have provided an affidavit by Defendant Ezell, Warden of the Muscogee County Jail, which confirms that the Muscogee County Jail has an administrative grievance system. (R-17-2). The grievance system requires that a prisoner with complaints file a written grievance, receive a written response, and **then file a written appeal in order to exhaust the administrative grievance system**. (R-16-5, pp. 14-15)(emphasis added). Defendants state through the Affidavit of Terri Ezell, that the *Inmate Handbook* is a true and accurate copy and that each inmate is given a copy of the *Inmate Handbook* upon entering the Muscogee County Jail. (R-17-2).

The Defendants have also attached to their Motion a copy of Plaintiff's original Grievance form in this case on September 2, 2005, and September 13, 2005. (R-16-6, Defendant's Exhibit "B"). On September 6, 2005, the Grievance Officer responded to Plaintiff's September 2, 2005, complaints in writing. *Id.* On the same page, the Plaintiff was given an opportunity to appeal the response to his grievance by circling whether he would like to appeal the decision or not. The exhibit provided by the Defendants shows that the Plaintiff signed his name but did not circle either Yes or No in response to whether he wished to appeal the decision. On September 15, 2005, the Grievance Officer responded to Plaintiff's September 13, 2005, complaints in writing. *Id.* On the same page, the Plaintiff was given an opportunity to appeal the response to his grievance by circling whether he

4

would like to appeal the decision or not. The exhibit provided by the Defendants shows that the Plaintiff refused to sign said document and failed to circle either Yes or No in response to whether he wished to appeal the decision. Thus, pursuant to procedure at the Muscogee County Jail, neither grievance was appealed, which would have exhausted the grievance procedure in place at the time Plaintiff was an inmate at the Jail.

On October 18, 2005, Plaintiff was transferred to Coastal State Prison and at some point thereafter, was transferred to Georgia State Prison. Thereafter, on May 14, 2007, Plaintiff was taken for an x-ray of his eye and it was revealed that a pen tip had been imbedded in his right eye. (R-1). On May 29, fifteen days later, Plaintiff filed an untimely grievance against Defendant Johnson alleging deliberate indifference to a serious medical need. *Id.* On June 1, 2007, Plaintiff filed a grievance with the Georgia Department of Corrections which was rejected for being out-of-time, that it was an issue outside of the Department's control and that the Department had no control over the Muscogee County Jail or its staff. *Id.* at 5.

As such, Plaintiff did not exhaust his available administrative remedies before filing the current action. Therefore, this Court recommends that Plaintiff's complaint be dismissed for his failure to exhaust said remedies.

As stated *supra*, Section 1997(e(a) mandates exhaustion of a prisoner's administrative remedies and courts no longer have discretion to waive the exhaustion requirement. *Alexander v. Hawk*, 159 F.3d 1321, 1325-26 (11th Cir. 1998). Because § 1997e(a) constitutes a pre-condition to suit, which makes the requirement jurisdictional in nature, an inmate

5

incarcerated in a state prison, must first comply with the grievance procedures established by the state department of corrections before filing a § 1983 lawsuit. Therefore, the court is without jurisdiction to review the merits of Plaintiff's claims. As such, none of the Defendants arguments in support of their Motion to Dismiss need be addressed at this time.

WHEREFORE, IT IS HEREBY RECOMMENDED that Defendants Johnson, Ezell, Harris and Morris' Motion to Dismiss be GRANTED and Plaintiff's action should be dismissed as to these Defendants. Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the UNITED STATES DISTRICT JUDGE within TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 10th day of December, 2007.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

eSw