**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER RUSSELL, | * | |
| Plaintiff, | * | |
| VS. | * | CASE NO. 4:07-CV-119 (CDL) |
| | * | 42 U.S.C. § 1983 |
| RALPH JOHNSON, et al., | * | |
| Defendants. | * | |

## REPORT AND RECOMMENDATION

Contending that Plaintiff has filed to respond to Defendants' Motion to Dismiss within the allotted time extended by the Court, Defendants The Medical Center, West Georgia Eye Care Center and Sterling L. Connon, M.D. seek dismissal of this case. Defendants' Motion to Dismiss was filed on October 4, 2007. (R-15-2). The Plaintiff was notified of his right to respond to the dispositive Motion and was granted one thirty day extension of time in which to file a response[1] but failed to do so in the time allotted.

## LEGAL STANDARD

For a motion to dismiss to be granted, Plaintiff's complaint, which must factually be accepted as true, must evidence that there is no set of facts entitling him to relief. *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir. 1991); *see also Luckey v. Harris*, 860 F.2d 1012, 1016-17 (11th Cir. 1988) and *Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986). In such a situation, Rule 12(b)(6) of the *Federal Rules*

---

[1] Plaintiff filed a second Motion for Extension of Time to file a response to Defendants' Motion to Dismiss which was denied on November 29, 2007.

*of Civil Procedure* authorizes a court to dismiss a complaint on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319 (1989). If, as a matter of law, it is clear that no relief could be granted under any facts that could be proved consistent with the allegations, a claim must be dismissed, regardless of whether it is based on an outlandish legal theory or on a close but unavailing one. *Id*. Rule 12(b)(6) does not allow for dismissals based solely on the court's disbelief of a plaintiff's factual allegations. *Id*. *See also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) and *Conley v. Gibson*, 355 U.S. 41 (1957).

## BACKGROUND

On August 13, 2005, Plaintiff filed this 42 U.S.C. § 1983 suit claiming that he was stabbed in the eye by another inmate while incarcerated at the Muscogee County Jail. In his suit, Plaintiff claims deliberate indifference to medical needs, medical malpractice and cruel and unusual punishment on the part of the Defendants. In his complaint, Plaintiff seeks $150,000 in for damages and pain and suffering. (R-1, p.3). In their Motion to Dismiss, Defendants the Medical Center, West Georgia Eye Care Center and Sterling L. Connon, M.D. contend that the court is without subject matter jurisdiction over Plaintiff's state medical malpractice claims, which are the only claims made against these Defendants, as those do not fall under the federal question jurisdiction provided by 28 U.S.C. § 1331. Alternatively, Defendants contend that Plaintiff has failed to comply with O.C.G.A. § 9-11-9.1, which states that, with regard to medical malpractice claims, "the plaintiff shall be required to file with the complaint an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and

the factual basis for each such claim." As such, Defendants contend that Plaintiff's case should be dismissed for failure to comply with the substantive requirement of O.C.G.A. § 9-11-9.1.

## DISCUSSION

Plaintiff's medical malpractice claim is clearly a state law claim brought in federal court along with his claims of civil rights violations, those being claims which the court has original jurisdiction pursuant to 28 U.S.C. § 1331. However, 28 U.S.C. § 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

In this case, it has been recommended that the § 1983 claims against the "state actor" defendants be dismissed for Plaintiff's failure to exhaust his administrative remedies. (R-27). Should the district court dismiss Plaintiff's federal claims against Defendants Johnson, Ezell, Harris and Morris, the district court must decide whether it will continue to exercise supplemental jurisdiction over Plaintiff's state-law claim. *See* 28 U.S.C. § 1367(c)(3) (authorizing a district court to decline adjudication of lingering state-law claims after it has dismissed "all claims over which it has original jurisdiction"). "In deciding whether or not to retain jurisdiction on such an occasion, the trial court must take into account concerns of comity, judicial economy, convenience, and fairness." *Roche v. John Hancock Mut. Life Ins. Co.*, 81 F.3d 249, 257 (1st Cir.1996). Of aid in this decision is the Supreme Court's

admonition that "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966) (footnotes omitted) (emphasis added) (superseded by statute).

As dismissal has been recommended as to the § 1983 claims over which the district court had original jurisdiction, the undersigned similarly recommends that the district court decline to exercise its supplemental jurisdiction because what remains is a claim based solely upon Georgia law. 28 U.S.C.A. § 1367(c). Moreover, as dismissal of the federal claims has been recommended before any discovery requests have been filed and as Plaintiff is proceeding without the payment of any court costs, it is neither unfair nor inconvenient to the parties to require Plaintiff to pursue his claims in state court. *See Hardy v. Birmingham Bd. of Education*, 954 F.2d 1546, 1553 (11th Cir.1992). *See also* 28 U.S.C. § 1367(d) ("The period of limitations for any claim asserted under subsection (a), ... shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period."). Finally, considerations of judicial economy militate against the district court's maintaining jurisdiction. Therefore, it is recommended that Plaintiff's state law claim against Defendants the Medical Center, Sterling Connon, M.D., and West Georgia Eye Care Center be **DISMISSED**.

WHEREFORE, IT IS HEREBY RECOMMENDED that Defendants the medical Center, Sterling Connon, M.D., and West Georgia Eye Care Center's Motion to Dismiss be GRANTED and Plaintiff's action should be dismissed as to these Defendants. Pursuant to

28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the UNITED STATES DISTRICT JUDGE within TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 18th day of December, 2007.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

eSw